46 F.3d 1134
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Greg RIVERA, and Joe Medina, Defendants-Appellants.
 Nos. 93-3816, 93-3830.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 14, 1994.*
Decided Jan. 24, 1995.
 
 Before CUMMINGS, CUDAHY and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 On May 12, 1993, defendants-appellants Greg Rivera and Joe Medina were indicted on three counts of narcotics trafficking. Count One charged that beginning January 25, 1993 and continuing until January 28, 1993, the defendants conspired to possess with the intent to distribute and to distribute cocaine in violation of Title 21, United States Code, Section 846. Count Two charged Rivera and Medina with distribution of cocaine in violation of Title 21, United States Code, 841(a)(1). Count Three charged the defendants with possession with intent to distribute cocaine in violation of Title 21, United States Code, Section 841(a)(1). On July 22, 1993, Rivera and Medina entered guilty pleas to Count One of the Indictment and the government agreed to dismiss Counts Two and Three at sentencing.
 
 
 2
 In the written plea agreements, the parties agreed that the base offense level for the defendants' conduct was level twenty-eight because the offense involved at least two kilograms of cocaine. See United States Sentencing Guideline Sec. 2D1.1(c)(8). The plea agreement further detailed that the count to which each defendant pleaded guilty carried a minimum mandatory term of five years and that if the court determined that the conspiracy involved more than five kilograms of cocaine, the count carried a minimum mandatory term of ten years in prison. See 21 U.S.C. Sec. 841(b)(1)(A) & (B).
 
 
 3
 The parties disagreed, however, whether the relevant conduct guideline, U.S.S.G. Sec. 1B1.3, applied to determine the defendants' guideline range. In its sentencing memorandum, the government asserted that it did and claimed that Rivera had been responsible for an additional twenty-four kilograms of cocaine which he had distributed over the two years preceding the conspiracy charged in the indictment. Consequently, the government asserted that Rivera's base offense level should be adjusted upward to level 34. See U.S.S.G. Sec. 2D1.1(c)(5). The government also argued that Medina's guideline level should be increased to level 36 because he had distributed at least fifty kilograms of cocaine in the two years preceding the conspiracy charged in count one. See U.S.S.G. Sec. 2D1.1(c)(4). Both defendants challenged the relevant conduct and its use to enhance their sentences.
 
 
 4
 Following an evidentiary hearing, the Court concluded that the conspiracy charged in Count I of the indictment, including relevant conduct which preceded the dates charged in Count One of the indictment, involved at least five kilograms of cocaine and sentenced both defendants to the statutory, mandatory minimum ten year term of imprisonment. See 21 U.S.C. Sec. 841(b)(1)(A). Rivera and Medina appeal, contending that the district court committed error in relying upon relevant conduct which preceded the conspiracy charged in Count One of the Indictment to calculate the mandatory minimum sentence. Defendants contend that the relevant conduct may be used to calculate the guideline sentence but not the minimum mandatory sentence required by the statute.
 
 
 5
 On appeal, the government concedes error and properly so. Title 21, United States Code, Section 841(b) sets forth the mandatory minimums for cocaine trafficking offenses and explicitly provides that the mandatory minimums apply to the charged and proven violation of Title 21, United States Code, Section 841(a). See United States v. Darmand, 3 F.3d 1578, 1581 (2nd Cir.1993) ("[The statute] indicates that the [mandatory] minimum applies to the quantity in the charged and proven violation of 841(a)"); see also United States v. Monocchi, 836 F.Supp. 79, 85 (D.Conn.1993). In this case, the indictment charged that the defendants conspired to distribute two kilograms of cocaine. It was error for the Court to calculate the mandatory minimum for the conspiracy charged in the indictment by using relevant conduct which preceded the conduct charged in the Indictment. However, the district court should ascertain the quantity of narcotics reasonably foreseeable to each conspirator within the scope of the conspiracy charged in Count One of the Indictment. United States v. Young, 997 F.2d 1204, 1210 (7th Cir.1993), see also, United States v. Irvin, 2 F.3d 72, 78 (4th Cir.1993). If that amount satisfies the quantity indicated in Sec. 841(b), the district court may impose the mandatory minimum sentence unless a higher sentencing range results from application of the sentencing guidelines. Id. If the quantity of narcotics is less than that prescribed in Sec. 841(b), the mandatory minimums would not apply to the charge in this case. Accordingly, the sentences are vacated and Rivera and Medina are remanded to the district court for resentencing in accordance with this order.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record